Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

# UNITED STATES DISTRICT COURT
### for the

### Middle District of Florida

### Tampa Division

|  |  |
|---|---|
| Ross Scopelliti | Case No. 8:2020 cv104 T36 cpT<br>*(to be filled in by the Clerk's Office)* |
| *Plaintiff(s)*<br>*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*<br>-v- | Jury Trial: *(check one)*  (Yes)   No |
| Jennifer McClean | CLERK, US DISTRICT COURT<br>MIDDLE DISTRICT FLORIDA<br>TAMPA, FLORIDA<br>2020 JAN 14 PM 4: 19<br>FILED |
| *Defendant(s)*<br>*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* |  |

## COMPLAINT FOR A CIVIL CASE
## TOGETHER WITH NOTICE OF REMOVAL OF CIVIL ACTION 12CA010683
## EXHIBIT A AND EXHIBIT 2
## AND

## MOTION TO CLARIFY TO THE HONORABLE COURT THE REASON AND CASE LAW CITED ALLOWING A SECOND REMOVAL -- CASE CITED BROWN V JEVIC 575 F3D 322                                                                              328
## 3RD CIRCUIT 2009

I.    **The Parties to This Complaint**

    A.    **The Plaintiff(s)**

                Provide the information below for each plaintiff named in the complaint. Attach additional
pages if                     needed.

                Name                                        ROSS SCOPELLITI

Page  of

| | |
|---|---|
| Street Address | 3212  W. MARLIN AVE |
| City and County | TAMPA |
| State and Zip Code | FLORIDA 33611 |
| | |
| Telephone Number | |
| E-mail Address | |

## B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an                 individual, a government agency, an organization, or a corporation.  For an individual defendant,                 include the person's job or title *(if known)*.  Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | JENNIFER MCCLEAN |
| Job or Title *(if known)* | |
| Street Address | 200 RAIDER LANE #56 |
| City and County | LUMBERTON |
| State and Zip Code | TEXAS 77657 |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 2

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |

.

| | |
|---|---|
| Telephone Number | _____ |
| E-mail Address *(if known)* | _____ |

Defendant No. 4

| | |
|---|---|
| Name | _____ |
| Job or Title *(if known)* | _____ |
| Street Address | _____ |
| City and County | _____ |
| State and Zip Code | _____ |
| Telephone Number | _____ |
| E-mail Address *(if known)* | _____ |

## II.   Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power).  Generally, only two types of cases can be   heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the   parties.  Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties   is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of   another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case.  In a   diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction?  *(check all that apply)*

   Federal question          x   Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A.   If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that            are at issue in this case.

No

### B.   If the Basis for Jurisdiction Is Diversity of Citizenship

1.   The Plaintiff(s)

a.   If the plaintiff is an individual

The plaintiff,          ROSS SCOPELLITI                             , is a citizen of the
*(name)*

State of          FLORIDA                             .
*(name)*

b.    If the plaintiff is a corporation

The plaintiff, _____ , is incorporated

*(name)*

under the laws of the State of _____ ,

*(name)*

and has its principal place of business in the State of *(name)*

_____ .

*(If more than one plaintiff is named in the complaint, attach an additional page*
providing the          *same information for each additional plaintiff.)*

2.    The Defendant(s)

a.    If the defendant is an individual

The defendant,     JENNIFER  MCCLEAN          , is a citizen of

*(name)*

the State of *(name)*          TEXAS          . Or is a citizen of

*(foreign*

nation)          _____ .

b.    If the defendant is a corporation

The defendant, _____ , is incorporated
under
*(name)*

the laws of the State of _____ , and has
its
*(name)*

principal place of business in the State of _____ .

*(name)*

Or is incorporated under the laws of *(foreign* _____ ,

nation)

and has its principal place of business in _____ .

*(name)*

*(If more than one defendant is named in the complaint, attach an additional page*
providing the          *same information for each additional defendant.)*

3.    The Amount in Controversy

The amount in controversy—the amount the plaintiff claims the defendant
owes or the amount at          stake—is more than $77,000, not counting interest
and costs of court, because *(explain)*:

see below

_____

**III.    Statement of Claim**

Page  of

Write a short and plain statement of the claim.  Do not make legal arguments.  State as briefly as possible the    facts showing that each plaintiff is entitled to the damages or other relief sought.  State how each defendant was   involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including        the dates and places of that involvement or conduct.  If more than one claim is asserted, number each claim and     write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

1. BREACH OF CONTRACT   COUNT 1
   A. Scopelliti and Nero entered into a written contract to lease  agreement.
   B. Mcclean is alleged to have become the new owner of the property in question
   C. Mcclean on January 6 2020 has asked for Motion for Writ of Possession Ex        attached
   D. Under the PTFA act of  2018 when a lease is in existence The PTFA (12 U.S.C. § 5201 and following) provides protections to bona fide tenants who have a lease as well as those who don't, like month-to-month renters.
   E.  Tenants like Scopelliti  who enter into a bona fide lease before the notice of foreclosure may stay in the home until the end of the lease term
   F. Mcclean through virtue of the Motion for Writ of Possession has breached the Contract which entitles  Scopelliti to Possession of the Property by virtue of the lease.
   G. Scopelliti is harmed by that failure to honor the lease by Mcclean.
   H. Damages are the remaining months of the lease term and a quantitative amount of money it  would cause Scopelliti into leasing another property in South Tampa and all costs in moving and Intentional Infliction of Distress.
   I. Amount of Damages:  ___$_20 400_____

   Case Law:

   1. Friedman v. New York Life Ins. Co., 985 So.2d 56, 58 (Fla. 4th DCA 2008). This general rule was enunciated by various Florida district courts of appeal. See Murciano v.
   Garcia, 958 So.2d 423, 423-24 (Fla. 3d DCA 2007); Abbott Laboratories, Inc. v. General Elec. Capital,
   765 So.2d 737, 740 (Fla. 5th DCA 2000); Mettler, Inc. v. Ellen Tracy, Inc., 648 So.2d 253, 255 (Fla. 2d
   DCA 1994); Knowles v. C.I.T. Corp., 346 So.2d 1042, 1043 (Fla. 1st DCA 1977).
   2. To maintain an action for breach of contract, a claimant must first establish performance on the
   claimant's part of the contractual obligations imposed by the contract. Marshall Construction, Ltd. v.
   Coastal Sheet Metal & Roofing, Inc., 569 So.2d 845, 848 (Fla. 1st DCA 1990). A claimant is excused
   from establishing performance if the defendant anticipatorily repudiated the contract. Hosp. Mortg. Grp.
   v. First Prudential Dev. Corp., 411 So.2d 181, 182-83 (Fla. 1982). Repudiation constituting a prospective
   breach of contract may be evidenced by words or voluntary acts but refusal must be distinct, unequivocal

and absolute. Mori v. Matsushita Elec. Corp. of Am., 380 So.2d 461, 463 (Fla. 3d DCA 1980).
3. "Substantial performance is performance 'nearly equivalent to what was bargained for.'" Strategic
Resources Grp., Inc. v. Knight-Ridder, Inc., 870 So.2d 846, 848 (Fla. 3d DCA 2003). "Substantial
performance is that performance of a contract which, while not full performance, is so nearly equivalent
to what was bargained for that it would be unreasonable to deny the promisee the full contract price
subject to the promisor's right to recover whatever damages may have been occasioned him by the
promisee's failure to render full performance." Ocean Ridge Dev. Corp. v. Quality Plastering, Inc., 247
So.2d 72, 75 (Fla. 4th DCA 1971).
4. The doctrine of substantial performance applies when the variance from the contract specifications
is inadvertent or unintentional and unimportant so that the work actually performed is substantially what
was called for in the contract. Lockhart v. Worsham, 508 So.2d 411, 412 (Fla. 1st DCA 1987). "In the
context of contracts for construction, the doctrine of substantial performance is applicable only where the
contractor has not willfully or materially breached the terms of his contract or has not intentionally failed
to comply with the specifications." National Constructors, Inc. v. Ellenberg, 681 So.2d 791, 793 (Fla. 3d

Damage sought :$20 400

## COUNT 2

## NEGLIGENT MISREPRESENTATION

1.SCOPELLITI READOPTS ALLEGATION IN COUNT 1 BY REFERENCE

2. That Mcclean negligently breached her duties and responsibilities as alleged landlord in Not fixing the Roof after being put on notice and being promised through her Counsel Harris that it would be done so.

3. It literally rains inside the property. and damages due to mold and rain have been caused on the furniture and belongings of Scopelliti. Ex _____ attached

4. Damages suffered are to the furniture,belongings, and mold related health maladies.

5. Damages Sought  : $50 000.00

COUNT 3

Implied warranty of Habitability

1 Scopelliti readopts allegations in Count 1 and Count 2

2.An **implied warranty of habitability** is the landlords' duty to provide the tenant with property which is suitable and safe for occupancy.

3. Mcclean has been cited by the City of Tampa Code Compliance Department in Case No: 19-000531
19-231(15)b Roof covering
Violation Description:
Roofs shall have a suitable covering free of holes, cracks or excessively worn surfaces, which will prevent the entrance of moisture into the structure and provide reasonable durability. Metal roofs showing signs of corrosion shall be painted.


When it rains you literally can take a shower indoors.

4. 9-231(11) Windows,doors,hatchways
Violation Description:
Every window, exterior door and basement hatchway shall be reasonably weather tight, maintained without cracks or holes and in a good state of repair. All windows intended for ventilation must be equipped with fully operable hardware.

5.19-231(15)a Paint
Violation Description:
The exterior of all structures, including accessory buildings and fences, shall be protected from the elements by the application of paint or other approved protective material and shall be maintained in a good state of repair.

6. Mcclean deflects her responsibility by asking for a continuance till  02 12 2020

7. Scopelliti should NOT have to live like that .

8. Damages: mold related maladies and physical destruction of belongings and furniture .have been caused by wanton and reckless disregard by McClean for the property and Scopelliti as tenant.

9. Damages amount $77 000

COUNT 4   Intentional Infliction of Mental Distress

1. sCOPELLITI  REALLEGES ALL ASPECTS OF COUNT 1 , 2 AND 3 AND FURTHER STATES:

2. Scopelliti and the City of Tampa put Mcclean on Notice repeatedly of the home's defects

3. Mcclean capriciously ignored the same warnings and notices knowingly and that said course of conduct was intended to inflict and  did in fact inflict mental distress for which Scopelliti has been :
4. damaged to the

5.   sum of $33000
6.   That McClean's intentional infliction of mental distress was willful, wanton and in total disregard for Plaintiff's person and well being, such that punitive damages would lie.

_____   Wherefore  premises considered Plaintiff Scopelliti prays for judgement on Mcclean of _____   $180 400 Actual damages and $ 117 000 punitive damages.,all costs of the Court and interest on the judgement at a legal rate.

## IV.   Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order.  Do not make legal     arguments.  Include any basis for claiming that the wrongs alleged are continuing at the present time.  Include         the amounts of any actual damages claimed for the acts alleged and the basis for these amounts.  Include any       punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or       punitive money damages.

SEEKING:

1. DECLARATORY RELIEF THAT the lease  contract is valid and allowed to run its term till December 31 2021
and as per terms governing such.

2DECLARATORY RELIEF THAT MCCLEAN HAS BREACHED THE CONTRACT.

3. DECLARATORY RELIEF THAT MCCLEAN  WAS NEGLIGENT  IN HER DUTIES AS IMPLIED HABITABILITY

3A. DECLARATORY RELIEF THAT MCCLEAN HAS MADE NEGLIGENT MISREPRESENTAIONS THAT SHE WOULD FIX THE ROOF

4. DECLARATORY RELIEF THAT MCCLEAN HAS INFLICTED INTENTIONAL DISTRESS

5. INJUNCTIVE RELIEF PREVENTING  AND  BARRING MCCLEAN  FROM ASSERTING ANY RIGHTS AS LANDLORD AND EVICTING TENANT SCOPELLITI TILL THIS DISPUTE IS RESOLVED.

6. .DAMAGES FOR CLAIMS 1-5 ABOVE. $180 400 Actual damages and $ 117 000 punitive damages.,all costs of the Court and interest on the judgement at a legal rate.

## V.     Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information,    and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a            nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have      evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable    opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the            requirements of Rule 11.

### A.     For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be          served.  I understand that my failure to keep a current address on file with the Clerk's Office may result          in the dismissal of my case.

Date of signing:            01/07/2020

Signature of Plaintiff

Printed Name of Plaintiff        ROSS SCOPELLITI

### B.     For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address

### CERTIFICATE OF SERVICE

I  Ross Scopelliti certify I have mailed a Copy to opposing Counsel Craig Rothburd 320 W Kennedy Blvd, Tampa, FL 33606 this 7TH   Day of JANUARY 2020

Ross Scopelliti 3212 Marlin Ave Tampa 33611

$Ex \; A$

# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE  DISTRICT OF FLORIDA TAMPA DIVISION

ROSS SCOPELLITI.,
*Plaintiff*

*CASE:*
*STATE  CASE 12CA010683*

v.

JENNIFER MCCLEAN,
*Defendants-*

## ROSS SCOPELLITI **NOTICE OF  REMOVAL OF CIVIL ACTION**

ROSS SCOPELLITI  , hereby respectfully moves  this Court removal and compel of a state Civil Action   Case No.12CA010683

NOTICE OF REMOVAL OF

ACTION UNDER 28 U.S.C. § 1441(b)(C)  and 28 U.S.C 1446 and 28 U.S.C 1332

NOTICE OF REMOVAL OF ACTION BY ROSS SCOPELLITI

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

*State courts do not adjudicate whether an action could be properly removed. Once a defendant has filed a* *notice to remove a case, jurisdiction is transferred automatically and immediately by operation of law* *from the state court to the federal court. Any objection to removal must be presented to the federal court.*

## 28 U.S. Code § 1446.Procedure for removal of civil actions

**(d)NOTICE TO ADVERSE PARTIES AND COURT.—**

Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded.

*PLEASE TAKE NOTICE* that, pursuant to 28 U.S.C. §§ 1332, 1441, and

1446, Plaintiff Ross Scopelliti , hereby removes this civil action from the

Thirteenth Judicial Circuit Court Hillsborough County , where it is currently

pending as 12-CA-010683, to the United States District Court for the Middle

District of Florida , Tampa Division.

This Court has original jurisdiction over this action under 28 U.S.C. § 1332(a)

on the grounds that complete diversity exists between all parties and the amount in

controversy exceeds the sum of $77,000, exclusive of interest and costs. Plaintiff

Ross Scopelliti is a resident, citizen and domiciliary of the State of Florida, while

Defendant Jennifer Mcclean is a resident and citizen of the State of Texas.

BACKGROUND

On January 6  2020 , an action was commenced in the Thirteenth Judicial Circuit
Hillsborough County , as Case Number 12 CA 010683 . Pursuant

to 28 U.S.C. § 1446(a), a copy of the Complaint and pleadings is attached hereto as

Exhibit 1.

1.Ross Scopelliti was NOT served .

2.Mcclean  asserts in the Complaint the cause of action: Motion to/For Issuance of Writ of

Possession of 3212 W Marlin Ave Tampa Fl 33611

3. Ross Scopelliti has an existing lease with Terence Nero who was  allegedly  foreclosed on by Jennifer McClean

4.Ross Scopelliti because of the terms of His Lease is protected by the Protecting Tenants at Foreclosure Act of 2018.

5.The Lease expires in 2021.

6. Terence Nero does Not object to removal of this case to the US Middle District of Florida and endorses the litigation to be fought in Federal Court Ex 2

7.The amount in Controversy exceeds $77 000 because the damages in question between Nero's Foreclosure Case and  Scopelliti's Writ of Possession,Breach of Contract and Specific Performance Complaint surpass that threshold

8.  Any question to successive remands  is governed by ---- See Brown v. Jevic, 575 F.3d 322, 328 (3d Cir. 2009)

   **("The removal statute does not categorically prohibit the filing of a second removal petition following remand." (quotation marks and citations omitted)).**

GROUNDS FOR REMOVAL

As set forth more fully below, this Court has subject matter jurisdiction under

28 U.S.C. § 1332, which confers original jurisdiction of "all civil actions where the

matter in controversy exceeds the sum or value of $77,000, exclusive of interest and

costs, and is between … citizens of different States and in which citizens or subjects

of a foreign state are additional parties[.]"

I. The Amount-In-Controversy Requirement is Satisfied.

"In actions seeking declaratory or injunctive relief, it is well established that

the amount in controversy is measured by the value of the object of the litigation."

Cohn v. Petsmart, Inc., 281 F.3d 837, 840 (9th Cir. 2002) (quoting Hunt v. Wash.

State Apple Advert. Comm'n, 432 U.S. 333, 347 (1977)). The Ninth Circuit employs

the "either viewpoint" test to determine the value of the object of the litigation.

Corral v. Select Portfolio Servicing, Inc., 878 F.3d 770, 775 (9th Cir. 2017). "Under

the 'either viewpoint' rule, the test for determining the amount in controversy is the

pecuniary result to either party which the judgment would directly produce." In re

Ford Motor Co./Citibank, 264 F.3d 952, 959 (9th Cir. 2001).

In Case Number  12 ca 010683 and  _in this case_  the Amount  in Controversy exceeds
$77 000


Through the Joinder of the State Court Claim in 12ca010683 with the Claims in  _this case_

Joinder Rule 18 Reads:

# _Rule 18. Joinder of Claims_

_(a) In General. A party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party._

_(b) Joinder of Contingent Claims. A party may join two claims even though one of them is contingent on the disposition of the other; but the court may grant relief only in accordance with the parties' relative substantive rights. In particular, a plaintiff may state a claim for money and a claim to set aside a conveyance that is fraudulent as to that plaintiff, without first obtaining a judgment for the money._


The amount easily exceeds the Jurisdictional Amount.

Aggregation of Jurisdictional Amount is Permitted:

*" a single plaintiff is allowed to aggregate the amount if he or she has two or more claims against a single defendant, whether the claims are related or unrelated. "*

II. Complete Diversity of Citizenship Exists Between Plaintiffs

and All Defendants.

Plaintiff Ross Scopelliti is a resident

of the State of Florida .

Mcclean is a resident and Citizen of Texas

 In determining whether diversity of citizenship exists, only

the named defendants are considered. See Newcombe v. Adolf Coors Co., 157 F.3d

686, 690-691 (9th Cir. 1998); see also Olive v. Gen. Nutrition Ctrs., Inc., No. 2:12-cv04297-ODW, 2012 WL 2006389, at *1 (C.D. Cal. June 5, 2012); Marsikyan v.

Porsche Cars N. Am., Inc., No. CV 11-09411 SJO, 2012 WL 280585, at *2 (C.D. Cal.

Jan. 30, 2012).

III. The Other Prerequisites for Removal Are Satisfied.

This Notice of Removal is timely filed. The relevant statute provides that

"[e]ach defendant shall have 30 days after receipt … of the initial pleading … to file

the notice of removal." 28 U.S.C. § 1446(b)(2)(B). Plaintiff filed the Complaint with

the state court on    January 6 2020

This action is properly removed to the United States District Court for the

Middle District of Florida , Tampa  Division, which is "the district and division

embracing the place where [the] action is pending." 28 U.S.C. § 1441(a).

Title 28 U.S.C. § 1446(a), requires a copy of all process, pleadings, and orders

served upon the removing defendant in the state court action (Case No. 12ca010683)

to be included with this Notice of Removal. Exhibit _1___

If any question arises as to the propriety of the removal of this action, Scopelliti

respectfully requests the opportunity to submit briefing and oral argument and to

conduct discovery in support of its position that subject matter jurisdiction exists.

Dated: January 7 2020

Ross Scopelliti

3212 W .Marlin Ave Tampa Fl 33611.

T

**CONCLUSION**

For the foregoing reasons, the Plaintiff Scopelliti  respectfully requests that this Court  oblige the Joinder of  State Claim and Notice of Removal

Respectfully Submitted

Ross Scopelliti

**CERTIFICATE OF SERVICE**

I  Ross Scopelliti certify I have mailed and faxed a Copy to McClean's  Counsel Daniel Harris  this  7th Day of  January 2020

Ross Scopelliti 3212 Marlin Ave Tampa

33611

Filing # 101156362 E-Filed 01/06/2020 12:03:20 PM

*[handwritten: EX 2]*

*[handwritten: ✗ See Brown v Jev.c 575 F3d 322 328]*

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIVIL DIVISION

*[handwritten: 3rd Cir]*
*[handwritten: 2005]*

*[handwritten: Does not Prohibit second Removal]*

JENNIFER E. McCLEAN,

       Plaintiff,

vs.

TERRENCE NERO a/k/a TERRENCE P.
NERO a/k/a TERENCE NERO a/k/a TERENCE
P. NERO a/k/a TERANCE NERO a/k/a TERRY
NERO and ALL UNKNOWN TENANTS IN
POSSESSION OF 3212 W. MARLIN
AVENUE, TAMPA, FLORIDA 33611,

       Defendants.

_____/

Case No. 12-CA-010683
Division: N
UCN: 292012CA010683A001HC

## MOTION FOR ISSUANCE OF WRIT OF POSSESSION

COMES NOW the Plaintiff, JENNIFER E. McCLEAN, by and through undersigned

counsel and pursuant to §83.561 and §83.62, Fla.Stat., and in support hereof states:

1.     The instant foreclosure action was filed in 2012 seeking to foreclose upon an

Agreement for Deed with respect to the following property (hereinafter the "Property"):

LOT 7, BLOCK 3, AND THE N ½ of vacated alley abutting Lot 7 on the South,
TROPICAL TERRACE UNIT NO. 1 according to the map or plat thereof as
recorded in Plat Book 12, page 42 of the Public Records of Hillsborough County,
Florida.

Folio Number:      134889-0500

Property Address:    3212 W. Marlin Avenue, Tampa, Florida 33611

2.     This Honorable Court duly entered its Uniform Final Judgment of Foreclosure on

December 31, 2015 (hereinafter the "Judgment").

1

3.       The Second District Court of Appeal affirmed this Court's Judgment on February 27, 2019.

4.       The foreclosure sale was duly conducted on May 2, 2019. Plaintiff was the successful bidder at the foreclosure sale.

5.       The sole objections to the foreclosure sale were filed by the Defendant, TERENCE NERO and his tenant, ROSS SCOPELLITI. This Court overruled said objections. Each of foregoing objectors filed an appeal of the denial of each objection but each appeal was subsequently dismissed. No appeals remain pending with respect to the conduct of the foreclosure sale or the issuance of the Certificate of Title to Plaintiff.

6.       A Certificate of Title was issued in Plaintiff's name on June 3, 2019.

7.       Plaintiff thereafter duly served upon the tenant in the Property an Amended Notice of Termination in accordance with §83.561, Fla.Stat. on July 8, 2019 via Certified U.S. Mail and via hand delivery. The Affidavit of Daniel A. Harris, Esquire is attached hereto in accordance with §83.561, Fla.Stat. as Exhibit "A" and incorporated by reference.

8.       The Defendant, TERENCE NERO and his tenant, ROSS SCOPELLITI nonetheless have continued to occupy the Property without any right whatsoever and have refused to relinquish possession of same.

9.       It subsequently has come to light that the Property has been cited for alleged code violations which are the direct result of the Defendant, TERENCE NERO's and his tenant, ROSS SCOPELLITI's neglect of the Property. Therefore, the Property requires immediate attention in order to prevent the accrual of fines and/or liens securing same. A true and correct copy of the foregoing Notice of Violation is attached hereto as Composite Exhibit "B."

10.      The Plaintiff, JENNIFER E. McCLEAN is entitled to immediate possession of the

subject Property as a matter of law. Plaintiff requires a Writ of Possession to be issued by the Clerk of the Court so that Plaintiff may be peaceably and without further delay be let into possession of the premises.

11. Undersigned counsel certifies that the Tenant, ROSS SCOPELLITI, who at all times material hereto has occupied the Property pursuant to an oral lease, has been provided notice as required by the federal Protecting Tenants at Foreclosure Act of 2018.

WHEREFORE the Plaintiff, JENNIFER E. McCLEAN, respectfully requests that this Honorable Court issue a Writ of Possession and directing the Clerk of the Court to issue same forthwith placing Plaintiff in lawful possession of the subject property forthwith and grant such further relief as the Court deems appropriate.

Respectfully submitted,

DANIEL A. HARRIS, P.A.

_____/s/ Daniel A. Harris_____
Daniel A. Harris, Esquire
FBN 975362
Attorney for Plaintiff
13644 W Hillsborough Avenue
Tampa, Florida 33634
Telephone:    (813) 814-0665
Facsimile:    (813)854-2876
e-mail: dan@danielaharrislaw.com

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy hereof has been furnished via the Florida E-Filing Portal to Brandon L. Kolb, Esq. at kolblaw2@gmail.com, this __14th__ day of October, 2019 and via U.S. Mail to Ross Scopelliti and All Unknown Tenants in Possession of 3212 W. Marlin Ave., *pro se*, 3212 W. Marlin Ave., Tampa, Florida 33611.

_____/s/ Daniel A. Harris_____
Daniel A. Harris, Esquire
FBN 975362

3