UNITED STATES DISTRICT COURT

for the

Middle District of Florida

Tampa Division

| | |
|---|---|
| **Ross Scopelliti** | Case No. 8:20 cv 00104 |
| *Plaintiff(s)* | *(to be filled in by the Clerk's Office)* |
| *(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | Jury Trial: *(check one)* ☒ Yes ☐ No |
| -v- | |
| Jennifer McClean | FILED |
| *Defendant(s)* | |
| *(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | |

**VERIFIED AMENDED COMPLAINT**

**(FOR DECLAROTORY RELIEF /INJUNCTIVE RELIEF, BREACH OF CONTRACT, NEGLENCE, NON-HABITABILITY, AND INTENTIONAL INFLICTION OF MENTAL DISTRESS)**

COMES NOW, the Plaintiff, Ross Scopelliti, pro se, and sues the Defendant, Jennifer McClean, and in support thereof, states as follows:

General Allegations:

1. Plaintiff is a natural person, residing at 3212 W. Marlin Avenue, Tampa, FL, 33611.

2. Plaintiff is a citizen of the State of Florida, located in the 11th Federal Circuit, Middle District of Florida.

3. Defendant is Jennifer McClean, a natural person, residing at 200 Raider Lane #56, Lumberton, TX 77657.

4. Defendant is a citizen of the State of Texas, located in the 5th Circuit, Southern District of Texas.

5. Defendant is the owner the residence located at 3212 W. Marlin Avenue, Tampa, FL, 33611. A true and correct copy of the Certificate of Title is attached hereto and incorporated herein as Exhibit "A" ("Certificate of Title").

6. Defendant acquired title to 3212 W. Marlin Avenue, Tampa, FL, 33611 through foreclosure against Terence Nero on June 3, 2019.  See McClean v. Nero (Hillsborough County Case No.: 12-CA-010683, 13th Circuit Court, Tampa, FL).  (See Ex. 2 – Final Judgement Case No. 12-CA-010683).

7. This matter involves a dispute valued in excess of $75,000.

8. Plaintiff is in possession of 3212 W. Marlin Avenue, Tampa, FL, 33611 pursuant to a written lease given by Terence Nero, dated 12/27/2011. (See Ex. 3.)

9. This Court has jurisdiction over the parties pursuant to 28 U.S.C. § 1332, under the theory of diversity of citizenship as the parties are each citizens different states and the amount at stake is more than $75,000, not including attorney fees, court costs, or interest.

**[BOTTOM OF PAGE LEFT BLANK INTENTIONALLY]**

## COUNT I -- BREACH OF CONTRACT
### (Monetary Damages, Declaratory Relief, Injunctive Relief and Other Relief)

1. This is an action breach of contract in excess of $~~$20,400~~ $217,000 (RS), not including attorney fees, court costs, or interest.

2. Plaintiff reasserts, and realleges the General Allegation of paragraphs 1-9 as if fully restated herein.

3. Plaintiff and Nero entered into a written lease agreement dated 12/27/2011. (See Ex. 3.)

4. The term of the Lease Agreement commenced on 1/1/2012 and terminates under its own terms on 12/31/2021.

5. Section 12 U.S.C. § 5201, `Protecting Tenants at Foreclosure Act of 2018' ("PTFA") applies to the lease entered into by the Plaintiff and Nero, and Defendant, as Nero's successor as an owner of the property.

6. Plaintiff is a Bonafide tenant under he PTFA, 12 U.S. C. § 5201.

7. Pursuant to 12 U.S.C. § 5201 Defendant has assumed her ownership interest in the property subject to the Plaintiff's preexisting lease.

8. On June 4, 2019 Defendant served Plaintiff with a Notice of Termination demanding delivery of possession of the residence to Defendant by July 8, 2019, claiming a superior interest to possession of the lease hold. (See Ex. 4)

9. __

10. On July 8, 2019, after being reminded by the Plaintiff of the applicability of the PTFA, Defendant served Plaintiff with an Amended Notice of Termination of the lease agreement, demanding delivery of possession of the residence to Defendant by October 7, 2019. (See Ex. 5)

11. Both the Notice of Termination and the Amended Notice of Termination threatened the forcible removal of the Plaintiff and his belongings if he failed to deliver possession as demanded.

12. On October 19, 2019, and again om January 6, 2020, Defendant sought to schedule a hearing on the Notice of Termination and the Amended Notice of Termination, respectively.

13. On January 6, 2020, Defendant Moved to obtain a Writ of Possession directing the Plaintiff's immediate removal from the property, contrary to the terms of his lease. (See Ex. 6, Motion for Writ of Possession Hillsborough County Case No.: 12-CA-010683, 13th Circuit Court, Tampa, FL).

14. The PTFA (12 U.S.C. § 5201) allows for the successor in interest to provide a bonafide tenant as little as 90 days' notice to vacate the property acquired by the successor through foreclosure, when there is a Tenancy at Will.

15. The 90-day notice provision does not apply to the circumstances described herein, pursuant to 702(a)(2), as Plaintiff holds a written lease terminating 12/31/2021, the terms of which the successor must abide by.

16. Plaintiff has substantially performed all duties under the terms of the lease, and is entitled to specific performance of the lease agreement.

17. Plaintiff was entitled to quite enjoyment of the lease hold through 12/21/2021.

18. Defendant is not entitled to claim an exemption under 702(a)(2) as at no time, and in no way, has Defendant asserted that she intents to use the residence as her primary residence.

19. Defendant has breached the Lease Agreement by interfering with the Plaintiffs quite enjoyment of his Leasehold.

20. Defendant has breached the lease agreement by failing to perform her duties under the lease, namely, by failing to provide and ensure the Plaintiff quiet enjoyment of the property.

21. Defendant has interrupted Plaintiff's quiet enjoyment of the leasehold for ten months as of the drafting of this Amended Complaint.

22. Defendant has breached the Lease Agreement by declaring the lease terminated.

23. Defendant has breached the Lease Agreement by demanding possession of the leasehold.

24. Defendant has caused the Plaintiff to incur costs of litigation for no legitimate purpose through her frivolous attempts to employ the judicial system as a tool to harass and/or embarrass the Plaintiff.

25. It is anticipated that as long as the Defendant continues with her course of action, seeking to disrupt or terminate Plaintiff's possession of his leasehold, she will also continue to frustrate his quiet enjoyment of the leasehold.

26. As a direct and proximate cause of the Defendant's action, the Plaintiff has suffered Monetary Damages in the amount of $20,400 [handwritten: 217,000 (R.S)], the amount of which to be proven at Trial.

27. The Plaintiff has a clear legal right under state, federal, and common law to quiet enjoyment of his leasehold, free of interference or harassment by the Defendant.

28. The actions of the Defendant have cause the Plaintiff irreputable harm, for which there is no adequate remedy at law, or in equity.

29. Defendant's actions are contrary to the public interest.

**WHEREORE**, Plaintiff seeks a Declaratory judgement, finding the Defendant in Breach of contract; Injunctive relief restraining the Defendant from further actions intended to, or resulting in, the interruption of Plaintiff's tenancy and/or quiet enjoyment of the property; Injunctive or Declaratory Relief extending the Plaintiff's lease hold by the amount of time Defendant has interfered with Plaintiff's quite enjoyment of the leasehold; Pre-suit interest, Court Costs, Costs of Litigation, and any additional relief deemed fitting and appropriate by the Court.

## COUNT II
### (Breach of Implied Warranty of Habitability)

30. This is an action to recover $117,000 in Monetary Damages due to breach of duty to ensure Conditions of Habitability.

31. Plaintiff reasserts, and realleges the General Allegation of paragraphs 1-9 as if fully restated herein.

32. As a landlord, Defendant had a duty under an implied warranty of habitability to provide the Plaintiff with property which is suitable and safe for occupancy.

33. Defendant has been cited by the City of Tampa Code Compliance Department in Case No: 19-000531 with failing to provide habitable rental premises.

    a) Defendant was violated by The City of Tampa, on May 6, 2019, alleging she was in violation of Tampa City Code Section 19-231(15)b "Roof covering" stating that the habitability of rental properties requires "Roofs shall have a suitable covering free of holes, cracks or excessively worn surfaces, which will prevent the entrance of moisture into the structure and provide reasonable durability. Metal roofs showing signs of corrosion shall be painted. (See Exhibits) 7

        1) The City Code Violation Report stated that "When it rains you literally can

take a shower indoors." (See Id.)

2) On September 11, 2019, at a hearing in reference to the City Code Violation under Case No: 19-000531, Defendant admitted the property was in violation of Tampa City Code requiring habitability of rental properties.

3) The Defendant continues to seek extensions from the City to make the property habitable, making her lasted request February 12, 2020.

4) The lasted extension sought by Defendant expires April 8, 2020. (see Exhibit 6).

5) The property remains uninhabitable as defined Tampa City Code Section 19-231(15)b.

b) Defendant was violated by The City of Tampa, on May 6, 2019, alleging she violated Tampa City Code Section 9-231(11) "Windows, Doors, Hatchways" stating that the habitability of rental properties requires "Every window, exterior door and basement hatchway shall be reasonably weather tight, maintained without cracks or holes and in a good state of repair. All windows intended for ventilation must be equipped with fully operable hardware."

1) Defendant has admitted that the property was in violation of Tampa City Code Section 9-231(11) requiring the habitability of rental properties.

2) The property remains uninhabitable under Tampa City Code Section 9-231(11).

c) Defendant was violated by The City of Tampa, on May 6, 2019, alleging she violated Tampa City Code Section, 19-231(15)a "Paint" stating that the habitability of rental properties requires that "The exterior of all structures, including accessory buildings

and fences, shall be protected from the elements by the application of paint or other approved protective material and shall be maintained in a good state of repair. "

1) Defendant has admitted that the property was in violation of Tampa City Code 19-231(15)a requiring the habitability of rental properties.
2) The property remains uninhabitable under Tampa City Code Section 19-231(15)a.

34. The property at issue has been uninhabitable, per se since May 6, 2019.
35. Plaintiff has suffered damages from costs caused incurred to remedy mold related maladies and physical destruction of belongings and furniture caused by the uninhabitable nature of the property.
36. Defendant received notice of and was fully aware of the conditions that resulted in Plaintiff's damages.
37. The damages suffered by the Plaintiff were foreseeable by the Defendant.
38. Defendant acted with wanton and reckless disregard for the foreseeable damages suffered by the Plaintiff.
39. The damages caused to the Plaintiff were the proximate and direct result of Defendant's wanton and reckless disregard for the property, her duties and obligation as a landlord, and Plaintiff's rights as a tenant.
40. The damages suffered by the Plaintiff could have been wholly prevented but for the wanton and reckless disregard by Defendant for the property and Plaintiff as tenant.
41. The Plaintiff has a clear legal right under state, federal, and common law to the landlord maintaining habitable leasehold.

42. The actions of the Defendant have cause the Plaintiff irreputable harm, for which there is no adequate remedy at law, or in equity.

43. Defendant's actions are contrary to the public interest.

44. Defendant has caused the Plaintiff to incur costs of litigation by bringing this action.

**WHEREFORE**, Plaintiff seeks a Declaratory judgement, finding the Defendant in Breach of Warranty of Implied Habitability; Injunctive relief restraining the Defendant from further actions intended to likely to cause further damage to Plaintiff's property; Injunctive relief directing the Plaintiff to render the property habitable; ; Injunctive or Declaratory Relief extending the Plaintiff's lease hold by the amount of time the property has been uninhabitable, Pre-suit interest, Court Costs, Costs of Litigation, and any additional relief deemed fitting and appropriate by the Court.

## COUNT III
### (Intentional/ Misrepresentation)

45. This is an action to recover $77,000 in Monetary Damages due to breach of duty the Intentional and/or Negligent Misrepresentations of the Defendant.

46. Plaintiff reasserts, and realleges the General Allegation of paragraphs 1-9 as if fully restated herein.

47. Defendant was violated by The City of Tampa, on May 6, 2019, alleging she was in violation of Tampa City Code Section 19-231(15)b "Roof covering", Tampa City Code Section 9-231(11) "Windows,Doors,Hatchways", and 19-231(15)a "Paint" each pertaining to the inhabitability of rental properties. **(See Exhibit 5) 7** (R S)

48. Defendant has admitted that the property was uninhabitable but has deflected and avoided her responsibility to render the property habitable from May 6, 2019 until the date of the drafting of this Amended Complaint.

49. Defendant has repeatedly claimed the property would be made habitable in compliance with the Tampa City Code by specific dates.

50. The Plaintiff has relied upon the Defendant's claims as to when repairs would be complete in his attempts to mitigate his damages.

51. The Defendant has failed to comply with his own deadlines for rendering the property habitable.

52. As the result of failing to render the property habitable, the Defendants damages have increased through additional costs of repairs to Plaintiff's personal property.

53. The Defendant's damages include from costs caused incurred to remedy mold related maladies and physical destruction of belongings and furniture caused by the uninhabitable nature of the property beyond the damage suffered prior to Plaintiff's false representations of when repairs would be completed.

54. But for the Defendant's false claims of when repairs would be made, Plaintiff could have mitigated his damages.

55. The additional damages suffered by the Plaintiff were foreseeable to the ~~Plaintiff.~~ Defendant (R.S)

56. $85,000 in additional damages suffered by the Plaintiff were directly and proximately caused by the Defendant's false claims of when repairs would be made.

57. The Defendant's claims as to when repair would be completed were made in wanton disregard or their accuracy.

58. The damages suffered by the Plaintiff were foreseeable by the Defendant.

59. ~~Plaintiff~~ Defendant (RS) acted with wanton and reckless disregard for the foreseeable damages suffered by the Plaintiff.

60. The damages caused to the Plaintiff were the proximate and direct result of Defendant's wanton and reckless disregard by Defendant for the property, her duties and obligation as a landlord, and Plaintiff's rights as a tenant.

61. The damages suffered by the Plaintiff could have been wholly prevented but for the wanton and reckless disregard by Defendant for the property and Plaintiff as tenant.

62. The Plaintiff has a clear legal right under state, federal, and common law to the landlord maintaining habitable leasehold.

63. The actions of the Defendant have cause the Plaintiff irreputable harm, for which there is no adequate remedy at law, or in equity.

64. Defendant's actions are contrary to the public interest.

65. Defendant has caused the Plaintiff to incur costs of litigation by bringing this action.

66. Defendant will prove damages at trial

**WHEREFORE**, Plaintiff, seeks damages to be proven at Trial, Pre-suit interest, Court Costs, Costs of Litigation, and any additional relief deemed fitting and appropriate by the Court.

## COUNT IV
## (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

67. This Is An Action To Recover damages caused by Defendant's Intentional Infliction of emotional distress.

68. Plaintiff reasserts, and realleges the General Allegation of paragraphs 1-9 as if fully restated herein.

69. The Defendant failed to fulfill her obligation to provide Plaintiff with a habitable rental property.

70. The failure of the Defendant to provide and maintain a habitable residence was the direct and proximate cause of the deterioration of the residence, distraction of the persona belongings of the Plaintiff, the promotion and growth of mold and other harmful contaminants within the residence. (see Exhibit 6 (as) and 7),

71. Defendant misrepresented her intentions to render the rental property habitable as required by law.

72. Defendant misrepresented her intentions to render the rental property habitable were made knowingly and willingly with intentional malice to cause harm to the Plaintiff.

73. The Defendant's disregard for her legal obligation to provide Plaintiff with a habitable residence was outrageous and unconscionable.

74. The Defendant's disregard for her legal obligation to provide Plaintiff with a habitable residence caused injury to the Plaintiff, as it resulted in the manifestation of physical ailments created by mold related maladies.

75. The Defendant's disregard for his her legal obligation to provide Plaintiff with a habitable residence caused injury to the Plaintiff, as it resulted in the manifestation of emotional distress caused by the destruction of Plaintiff's belongings, and the development of physical ailments related to the promotion and growth of mold in the residence.

76. At the time when Defendant made statements describing an intention to render the property habitable, Defendant had no intention of doing so.

77. Defendant capriciously ignored warnings and noticed that her conduct could cause, and in fact, was causing, injury to Plaintiff including emotional distress.

78. The Defendant's failure to provide Plaintiff with a habitable residence was outrageous conduct.

79. Defendant engaged in a course of action that caused Plaintiff emotional distress.

80. Plaintiff has suffered damages from emotional distress of $175,000.

81. The emotional distress caused to the Plaintiff was foreseeable to the Defendant.

82. Plaintiff is entitled to recover $175,000 compensatory damages for the emotional distress caused to the Plaintiff by the Defendant.

83. Plaintiff is entitled to recover $175,000 in punitive damages for the emotional distress caused to the Plaintiff by the Defendant as it was caused in willful, wanton and in total disregard for Plaintiff's person and wellbeing.

**WHEREORE**, Plaintiff demands judgement in the amounts stated herein for the Intentional infliction of emotional Distress; **WHEREORE,** Plaintiff demand an order from this cost awarding Plaintiff Pre-suit interest, Court Costs, Costs of Litigation, and any additional relief deemed fitting and appropriate by the Court.

## JURAT

**I, ROSS SCOPELLLITI, being duly sworn, state and affirm as follows:**

1. I am Ross Scopellliti, the Plaintiff in the above styled cause.

2. The statements and allegations made herein above are true and accurate to the best of my knowledge.

3. No statements or allegation made herein above have been made or frivolous intent, nor for the purpose of embarrassment or harassment.

_____
Ross Scopelliti, Plaintiff.

**STATE OF** Florida
**COUNTY OF** Hillsborough
On this date, March 23 2020, the above listed Affiant presented the following
Identification, FL Drivers _____, and after being duly sworn
swore to and confirmed to the statement made above.

_____
Notary
Commission Expires: Feb 25 2022



STEPHEN FERNANDEZ
Notary Public – State of Florida
Commission # GG 189710
My Comm. Expires Feb 25, 2022

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 03/23/2020 (R.S)

Signature of Plaintiff: [signed]

Printed Name of Plaintiff: ROSS SCOPELLITI

### B. For Attorneys

Date of signing: _____

Signature of Attorney: _____

Printed Name of Attorney: _____

Bar Number: _____

Name of Law Firm: _____

Street Address: _____

State and Zip Code: _____

Telephone Number: _____

E-mail Address: _____

### CERTIFICATE OF SERVICE

I Ross Scopelliti certify I have mailed a Copy to opposing Counsel Craig Rothburd 320 W Kennedy Blvd, Tampa, FL 33606 this 23rd Day of March 2020 (R.S)

[signed]

Ross Scopelliti 3212 Marlin Ave Tampa 33611

Page of