IN THE UNITED STATES DISTRICT
COURT MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


ROSS SCOPELLITI,

    Plaintiff,

v.                                         Case No. 8:20-cv-00104-T36-CPT

JENNIFER McCLEAN,

    Defendant.

_____/

## **DEFENDANT, JENNIFER McCLEAN'S ANSWER AND AFFIRMATIVE DEFENSES TO VERIFIED AMENDED COMPLAINT**

Defendant, JENNIFER McCLEAN, ("Defendant"), by and through her undersigned counsel, pursuant to this Court's Order Denying Defendant's Motion to Dismiss [Doc. 47] files these Answer and Affirmative Defenses to Plaintiff's, ROSS SCOPELLITI, ("Plaintiff") *Amended Verified Complaint* [Doc. 18] and states as follows:

## **ANSWER**

1. Admit.

2. Admit.

3. Admit.

4. Admit.

5. Admit.

6. Admit.

7. Denied.

8. Admit only that Plaintiff is in possession of 3212 W. Marlin Avenue, Tampa, Florida 33611, Deny remainder of Paragraph 8.

9. Denied.

## COUNT I
## (Monetary Damages, Declaratory Relief, Injunctive Relief and Other Relief)

1. Denied.[1]

2. Defendant readopts and realleges her responses to Paragraphs 1 through 9 and incorporates them by reference (first nine).

3. Denied.

4. Denied.

5. Denied.

6. Denied.

7. Denied.

8. Admit.

---

[1] Defendant follows Plaintiff's original numbering.

9. No allegation was contained in Paragraph 9, to the extent a response is required, Denied.

10. Admit only that Plaintiff served an Amended Notice of Termination of the Lease Agreement, otherwise Deny remainder of Paragraph 10.

11. Admit only the Notice of Termination and the Amended Notice of Termination speak for themselves, Deny remainder of Paragraph 11.

12. Admit.

13. Admit only to the extent that Defendant moved to retain a Writ of Possession, Deny remainder of Paragraph 13.

14. Admit only that PTFA speaks for itself, otherwise Deny remainder of Paragraph 14.

15. Denied.

16. Denied.

17. Denied.

18. Admit only that PTFA speaks for itself, otherwise Deny reminder of Paragraph 18.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

## COUNT II
## (Breach of Implied Warranty of Habitability)

30. Denied.

31. Defendant readopts and realleges her responses to Paragraphs 1 through 9 and incorporates them by reference (first nine).

32. Denied.

33. Admit only that the City of Tampa issued a Code Violation against the subject property located at 3212 W. Marlin Avenue, Tampa, Florida 33611 and that the documentation related to the City of Tampa's Code Compliance speaks for itself, otherwise Deny Paragraph 33.

34. Without knowledge and therefore Deny.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

## COUNT III
### (Intentional / Misrepresentation)

45. Denied.

46. Defendant readopts and realleges her responses to Paragraphs 1 through 9 and incorporates them by reference (first nine).

47. Admit only that the City of Tampa issued a Code Violation to the property located at 3212 W. Marlin Avenue, Tampa, Florida 33611, otherwise Deny Paragraph 47.

48. Denied.

49. Denied.

50. Without knowledge and therefore Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

## COUNT IV
### (Intentional Inflection of Emotional Destress)

67. Denied.

68. Defendant readopts and realleges her responses to Paragraphs 1 through 9 and incorporates them by reference (first nine).

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

There is no privity between the Plaintiff and Defendant in that Plaintiff alleged a lease with his landlord, Terrence Nero ("Nero"), the former owner of the subject property located at 3212 W. Marlin Avenue, Tampa, Florida 36111 ("Property"). At

all times material to the allegations in Plaintiff's Amended Complaint (Doc. 18), Nero was Plaintiff's landlord and the responsible party for the damages claimed by Plaintiff. Therefore, Defendant cannot be liable to Plaintiff for any breach of contract that Defendant was not a party to for conditions that existed on the property before Defendant foreclosed on it. As such, Plaintiff's claims for breach of contract in Counts I and II fail.

### Second Affirmative Defense

There was no bona fide lease agreement between Nero and Plaintiff such that Plaintiff would be a protected party under the PTFA as Plaintiff cites in his Amended Complaint. Plaintiff has failed to allege payment of any rent, failed to pay any rent and failed to perform any of the alleged maintenance required by him in the alleged lease. The rental amount cited in the Lease attached as Exhibit 3 to Plaintiff's Amended Complaint is not a fair market rate further evidencing that the lease is not a bona fide lease.

In fact, Nero specifically disclaimed that any formal written lease was entered into between the Plaintiff and him and that the lease was month to month in his sworn 341 testimony taken on June 14, 2016, in one of his bankruptcies. In re: Nero, MD Bank. Case No. 8:16-bk-1281-CPM. Thus, the lease presented in this case is a fabrication. Any claims related to damages from terminating Plaintiff's tenancy, implied habitability or effecting his quiet enjoyment of the Property are

belied by the fact that there was no bona fide lease to begin with and any written lease is a fabrication. As such, Plaintiff's claims for breach of the same or based on a breach of the same are barred.

### Third Affirmative Defense

Any damages claimed by Plaintiff are a result of Plaintiff's own actions in remaining on the Property long after any claimed habitability problems arose. Therefore, Plaintiff assumed the risk of remaining on the Property.

### Fourth Affirmative Defense

Plaintiff's claims are barred by the litigation privilege in that all of the underlying facts Plaintiff relies on to support his claims against Defendant are based entirely upon on representations made in or related to litigation, namely the notice of termination of Plaintiff's tenancy, the attempts at obtaining writs of possession and the maintenance of the subject property. All of Plaintiff's claims unquestionably are related to the underlying foreclosure case or a City of Tampa Code Enforcement action, a judicial action and quasi-judicial action respectively. Accordingly, Plaintiff's claims are barred by the application of Florida's litigation immunity and must be dismissed. As such, Counts I, II and III of Plaintiff's Amended Complaint fails.

### Fifth Affirmative Defense

Plaintiff's claims for intentional misrepresentation are barred as Plaintiff

failed to allege that Defendant made any representation directly to him or others that he justifiably relied on causing him damages.  Instead, Plaintiff alleges negotiations with the City of Tampa and Defendant, which as a matter of law cannot support a claim for misrepresentation to him.   Further, at no time did Defendant make any such representation to the City of Tampa that the Property would be repaired as evidenced by the enforcement records in the City of Tampa's Code Enforcement action against the Property.  As such, Count III of Plaintiff's Amended Complaint fails.

## Sixth Affirmative Defense

Plaintiff's claims for intentional infliction of emotional distress are based entirely upon claims that Defendant owed a duty to Plaintiff. Defendant had no privity with Plaintiff and owed Plaintiff no duty. Further, any claim that Defendant somehow affirmatively represented to Plaintiff or others that she would take any action to repair the property is fiction as at no time did Defendant make any such representation. It appears Plaintiff is relying on the City of Tampa's Code Enforcement action to support his claim for intentional infliction of emotional distress. Yet, the records in the Code Enforcement action belie these claims as no such records exist and Plaintiff was not a party to that action and cannot rely on it as grounds for an intentional tort to him.

Further, it was Plaintiff who negotiated the purchase of the Property

between Nero and Defendant and Plaintiff who negotiated that as part of the purchase by Nero, the roof would be repaired. The roof was never repaired and Plaintiff apparently moved into the Property not only knowing that the roof had issues, but also knowing that he negotiated for their repair by Nero. As such, Count IV of Plaintiff's Amended Complaint fails.

### Seventh Affirmative Defense

Plaintiff's claims are barred by the principle of estoppel. It was Plaintiff who negotiated the purchase of the Property between Nero and Defendant and Plaintiff who negotiated that as part of the purchase by Nero, the roof would be repaired. The roof was never repaired and Plaintiff apparently moved into the Property not only knowing that the roof had issues, but also knowing that he negotiated for their repair by Nero. Further, the City of Tampa Code violations that Plaintiff relies on for his claims were caused by his own failure to maintain the Property. Plaintiff is thereby estopped from making claims for damages related to roof.

### Eighth Affirmative Defense

Plaintiff's claims are barred by the doctrine of unclean hands. Plaintiff has failed to allege payment of any rent, failed to pay any rent and failed to perform any of the alleged maintenance required by him in the alleged lease. The rental amount cited in the Lease attached as Exhibit 3 to Plaintiff's Amended Complaint

is not a fair market rate further evidencing that the lease is not a bona fide lease. In fact, Nero specifically disclaimed that any formal written lease was entered into between the Plaintiff and him and that the lease was month to month in his sworn 341 testimony taken on June 14, 2016, in one of his bankruptcies. In re: Nero, MD Bank. Case No. 8:16-bk-1281-CPM. Thus the lease presented in this case is a fabrication. As such Plaintiff has unclean hands.

Further, it was Plaintiff who negotiated the purchase of the Property between Nero and Defendant and Plaintiff who negotiated that as part of the purchase by Nero, the roof would be repaired. The roof was never repaired and Plaintiff apparently moved into the Property not only knowing that the roof had issues, but also knowing that he negotiated for their repair by Nero. Also, the City of Tampa Code violations that Plaintiff relies on for his claims were caused by his own failure to maintain the Property. As such, Plaintiff's claims are barred by the doctrine of unclean hands.

Dated this 12th Day of March 2021.

                                            Respectfully submitted,

                                            CRAIG E. ROTHBURD, P.A.
                                            /s/ *Craig E. Rothburd*
                                            CRAIG E. ROTHBURD, ESQ.
                                            FBN: 0049182

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** on this **12th day of March 2021**, I electronically filed the foregoing with the Clerk of Court by using this Court's CM/ECF system that which will send notification of such filing to all counsel of record in this action and via U.S. Mail/Email to: **Ross Scopelliti**, *Pro Se Plaintiff*, 3212 W. Marlin Avenue, Tampa, Florida 33611, legallybeagley@gmail.com.

CRAIG E. ROTHBURD, P.A.

/s/ *Craig E. Rothburd*

CRAIG E. ROTHBURD, ESQ.
FBN:0049182
320 W. Kennedy Blvd., #700
Tampa, Florida 33606
(813) 251-8800
(813) 251-5042 - Fax
craig@rothburdpa.com
maria@rothburdpa.com
*Attorney for Defendant
Jennifer McClean*
CERPA File No: 6824