## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

ROSS SCOPELLITI,

     Plaintiff,

v.                                           Case No: 8:20-cv-104-CEH-CPT

JENNIFER MCCLEAN,

     Defendant.

_____

## **ORDER**

This cause comes before the Court upon Plaintiff Ross Scopelliti's Objection to the Magistrate Judge's orders denying his motion for default judgment and his motion for sanctions (Doc. 83). Upon careful consideration, the Court will overrule the objection and affirm the Magistrate Judge's orders.

## I.    BACKGROUND

Scopelliti, proceeding *pro se*, filed suit against McClean in January 2020 on the basis of diversity jurisdiction. Doc. 1. After his initial complaint was dismissed as a shotgun pleading, he filed an amended complaint bringing four counts against McClean: (1) breach of contract; (2) breach of the implied warranty of habitability; (3) intentional misrepresentation; and (4) intentional infliction of emotional distress. Doc. 18. Scopelliti seeks over $75,000 in monetary damages on each of the four counts, as well as declaratory and injunctive relief on his breach of contract claim. *Id.*

In February 2022, Scopelliti moved for sanctions against McClean and asked the Court to strike all of her responsive pleadings. Doc. 70. Shortly after, he moved for a default judgment based on her failure to communicate with the Court or otherwise defend herself in this action. Doc. 71. The Magistrate Judge denied the motion for sanctions for failing to include a memorandum of law and denied the motion for default judgment based on several reasons, including that Plaintiff had failed to obtain a clerk's default and that the Complaint fails to state a claim upon which relief can be granted. Docs. 74, 75. Plaintiff now objects. Doc. 83.

## II.   LEGAL STANDARD

A magistrate judge's ruling on a non-dispositive matter must be affirmed unless "it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Crim. P. 59(a) ("The district judge must consider timely objections and modify or set aside any part of the order that is contrary to law or clearly erroneous."). The "clearly erroneous or contrary to law" standard is extremely deferential. *Pac. Employers Ins. Co. v. Wausau Bus. Ins. Co.*, No. 3:05-cv-850-JHM-MMH, 2007 WL 433362, at *2 (M.D. Fla. Feb. 6, 2007). A finding is clearly erroneous if "the reviewing court, after assessing the evidence in its entirety, is left with a definite and firm conviction that a mistake has been committed." *Krys v. Lufthansa German Airlines*, 119 F.3d 1515, 1523 (11th Cir. 1997).

## III.   DISCUSSION

The Court will affirm the rulings of the Magistrate Judge because Scopelliti fails to show that any part of either order was clearly erroneous or contrary to law.

In his Objection, Scopelliti first accuses McClean of failing to participate in the case or communicate with the Court. Doc. 83 at 3. He then repeats, nearly verbatim, the arguments he made in his original motion for default judgment (Doc. 71). The closest he comes to raising a clear objection is stating that the Magistrate Judge's order went "into a lengthy recitation" that verged on "acting as de-facto counsel" for McClean. Doc. 83 at 5. In fact, however, the Magistrate Judge's Order clearly explains the facts of the case, the process for obtaining a default judgment and relevant legal standard, and the various reasons that Scopelliti's motion fails to meet the standard. Doc. 75. For example, the Magistrate Judge correctly highlights that Scopelliti has not yet been awarded a Clerk's default under Rule 55(a), and the fact that none of the claims in his complaint state a claim upon which relief may be granted. *See id.* at 11–24. Scopelliti's objection does not show, or even argue, that any portion of the Magistrate Judge's orders were "clearly erroneous or contrary to law," as the standard requires. *Pac. Employers Ins. Co.,* 2007 WL 433362, at \*2.

Therefore, upon careful review, the Court finds no basis to conclude that the Magistrate Judge's orders were clearly erroneous or contrary to law. As such, the Court must affirm. Accordingly, it is **ORDERED**:

1. Plaintiff Ross Scopelliti's Objections to the Magistrate Judge's Orders Denying his Motion for Sanctions and his Motion for Default Judgment (Doc. 83) are **OVERRULED**.

2. The July 7, 2022, order of the Magistrate Judge (Doc. 74) is **AFFIRMED**.

3. The July 11, 2022, order of the Magistrate Judge (Doc. 75) is

**AFFIRMED**.

**DONE** and **ORDERED** in Tampa, Florida on January 27, 2023.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties