UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROSS SCOPELLITI,

    Plaintiff,

v.                                              Case No: 8:20-cv-104-CEH-CPT

JENNIFER MCCLEAN,

    Defendant.

## ORDER

This cause comes before the Court upon the Report and Recommendation ("R&R") of Magistrate Judge Christopher P. Tuite (Doc. 76). Based on Defendant Jennifer McClean's failure to appear at a mediation conference and numerous subsequent proceedings, as well as her failure to abide by other directives issued by the Court, Magistrate Judge Tuite recommends that the Court: (1) enter an Order setting a hearing pursuant to 28 U.S.C. § 636(e) at which McClean must show cause as to why she should not be found in contempt; (2) direct the United States Marshals Service to serve McClean with the show cause order; and (3) direct McClean to file a notice with the Court within fourteen days of being served acknowledging receipt of the order and listing her current contact information. *Id.* at 12.

Plaintiff Ross Scopelliti, who is proceeding *pro se*, filed an "objection in part and approval in part" to the R&R. Doc. 84. Upon consideration of the R&R, Scopelliti's

objection, and the Court's independent examination of the file, the Court will overrule the objection and adopt the R&R.

## I. BACKGROUND

Scopelliti filed suit against McClean in January 2020 on the basis of diversity jurisdiction. Doc. 1. After his Complaint was dismissed as a shotgun pleading, he filed an amended complaint bringing four counts against McClean: (1) breach of contract; (2) breach of the implied warranty of habitability; (3) intentional misrepresentation; and (4) intentional infliction of emotional distress. Doc. 18. Scopelliti seeks over $75,000 in monetary damages on each of the four counts, as well as declaratory and injunctive relief on the breach of contract claim. *Id.*

As the R&R explains, McClean initially retained an attorney and participated in the case. Doc. 76 at 3. In April 2021, when the parties could not agree on a mediator, the Court appointed Magistrate Judge Tuite to conduct the mediation. Doc. 58. That same month, McClean's attorney withdrew as counsel of record. Docs. 55, 57. Since then, McClean has not participated in the proceedings whatsoever. As the R&R details, she has failed to appear at a scheduled mediation conference and respond to a number of show cause orders issued by the Magistrate Judge. Doc. 76 at 3–5. McClean was warned by the Magistrate Judge that she might be found in civil contempt based on her failure to comply and could be subject to a range of sanctions. Doc. 61.

In February of 2022, Scopelliti moved for sanctions against McClean and asked the Court to strike all of her responsive pleadings. Doc. 70. Shortly after, he moved for entry of a default judgment based on her failure to communicate with the Court or

otherwise defend herself in this action. Doc. 71. The Magistrate Judge denied this motion, without prejudice. Doc. 75. The Magistrate Judge then issued an R&R regarding potential contempt proceedings *sua sponte* (Doc. 76), to which Plaintiff now objects (Doc. 84).

## II.     LEGAL STANDARD

"Within fourteen days after being served with a copy, any party may serve and file written objections" to a magistrate judge's proposed findings and recommendations. 28 U.S.C. § 636(b)(1)(C).  When a party makes a timely and specific objection to a magistrate judge's report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; *see* Fed. R. Civ. P. 72(b)(3).  The district judge may accept, reject, or modify, in whole or in part, the findings and recommendations. 28 U.S.C. § 636(b)(1)(C).  The district judge reviews legal conclusions de novo, even in the absence of an objection. *See Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994); *Ashworth v. Glades Cnty. Sch. Bd. of Cnty. Comm'rs*, 379 F. Supp. 3d 1244, 1246 (M.D. Fla. 2019).

## III.     DISCUSSION

Scopelliti's objection is scattershot and fails to clearly explain what part of the R&R he takes issue with. Doc. 84. First, he lists numerous instances of McClean failing to participate in the suit. *Id.* at 2–3. Then, he delves into allegations he made in a motion for sanctions against McClean (Doc. 70), which was not the subject of the

R&R at issue here. Doc. 84 at 4. Scopelliti then restates his belief that default judgment should have been entered against McClean. *Id.* at 4–5. Finally, to the extent that he references the R&R at all, he states that he "agrees with the Honorable Magistrates [sic] Judge to recommend contempt but wholeheartedly disagrees with the allotment of more time to appear before this Court." *Id.* at 5.

Scopelliti fails to make any specific objections to the R&R, besides taking issue with the fact that Defendant was given "more time" to appear before this Court. From the remainder of his filing, it appears that his true objection is to the denial of default judgment, which was the subject of a separate order by the Magistrate Judge (Doc. 75).

Accordingly, it is **ORDERED**:

1. Scopelliti's Objection to the Report and Recommendation (Doc. 84) is **OVERRULED**.

2. The Report and Recommendation entered by United States Magistrate Judge Christopher P. Tuite on July 11, 2022 (Doc. 76) is **ADOPTED, CONFIRMED, AND APPROVED** in all respects and is made a part of this Order for all purposes, including appellate review.

3. The Court will enter a separate Order setting a hearing pursuant to 28 U.S.C. § 636(e), at which Defendant McClean must show cause as to why she should not be adjudged in contempt. The Court will direct the USMS to serve the Order on McClean and direct McClean to file a notice with the Court within fourteen

4

(14) days of being served with the Order acknowledging receipt and listing her current mailing address, email address, and telephone number.

4. The Court hereby stays and administratively closes this case pending the scheduling of a contempt hearing, service on Defendant of the order scheduling the contempt hearing, and resolution of the contempt proceeding.

**DONE** and **ORDERED** in Tampa, Florida on January 27, 2023.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties